■ BYRDCLIFFE MUSIC, INC., et al., Appellants, v D. BROWARD CRAIG et al., Respondents.—In an action, *inter alia,* to recover damages for injury to real property pursuant to RPAPL 861 and for negligence, the plaintiffs appeal from (1) a judgment of the Supreme Court, Westchester County (Gurahian, J.), dated March 16, 1987, which is in favor of the defendants and against them dismissing the complaint, and (2) an order of the same court dated April 8, 1987, which denied the plaintiffs' motion for a new trial.

Ordered that the judgment and the order are affirmed; and it is further,

Ordered that the defendants are awarded one bill of costs.

The plaintiff Byrdcliffe Music, Inc. (hereinafter Byrdcliffe) and defendants own adjoining properties in Briarcliff Manor. The area where their properties meet is densely forested. In March 1982 the defendants decided to cut down or "top" certain trees in order to improve their view of the Hudson River. Although they believed that the trees in question were on their property they subsequently learned that in fact the trees were situated on Byrdcliffe's land. At trial one of the plaintiffs' experts testified that the loss of privacy created by the destruction of the subject trees had caused a diminution in the value of the plaintiff's property in the amount of $200,000. Another expert testified that the value of the trees as standing timber was $14,863. The defendants' expert stated that while the trees had a "nominal" value as standing timber,

there had been no diminution in the market value of the property caused by the loss of the trees. We note however, that during the trial the plaintiffs withdrew their cause of action to recover damages for conversion. The parties agreed that as to the remaining causes of action the proper measure of damages was the replacement cost of the trees or the diminution in the market value of the property, whichever was less, and the court so charged the jury. Therefore, the testimony with regard to the value of the trees as timber was irrelevant to the issues submitted to the jury. The jury returned a verdict in favor of the defendants finding specifically, in answer to a question on a verdict sheet, that the plaintiffs had incurred no damages as a result of the destruction of the trees.

On appeal the plaintiffs argue that the verdict should have been set aside and a new trial granted because the verdict was against the weight of the evidence. Where, as here, there has been a motion to set aside a verdict, we must accord great respect to the decision of the Trial Judge since he or she is in the best position to properly assess the testimony presented at trial (see, Nicastro v Park, 113 AD2d 129, 137). We discern no improvident exercise of discretion in the decision of the Trial Judge which denied the plaintiffs' motion. The plaintiffs' claim that the verdict is against the weight of the evidence is without merit since a fair interpretation of the evidence presented at trial supported a finding that there had been no diminution in the value of the plaintiffs' property (see, Nicastro v Park, supra, at 134-135). Mangano, J. P., Weinstein, Kooper and Balletta, JJ., concur.